UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:00-CR-05 |
| | ) | |
| JOE WESTMORELAND | ) | |

**<u>O R D E R</u>**

This supervised release revocation matter came before the Court on January 24, 2005 for a hearing at which time it was stipulated by the defendant that he has violated the conditions of his supervised release by having positive drug screens for methamphetamine on December 9, 2004 and December 13, 2004. It was not contested that the defendant's violation guideline range is now four(4) months to ten (10) months; however, the defendant is subject to a maximum sentence of twenty-four months (24) months under Title 18 §3583(e)(3) of the United States Code.

In determining his sentence, it is significant that this the second time that the defendant's supervised release has been revoked. It is also apparent to the Court that the defendant needs intensive drug treatment by his continued association with drugs.

The Court has carefully considered the policy statements of Chapter 7 of the <u>United States Sentencing Commission Guidelines</u> which reflect a revocation range of six (6) to twelve (12) months. Because the policy statements of Chapter 7 of the U.S.S.C.G. are a policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West,* 59 F.3d 32 (6th Cir. 1995).

Based upon the defendant's repeated failure to comply with the conditions of his supervised release, and based upon his need for intensive drug treatment, the Court does not find that in the interest of society, or in the interest of rehabilitating this defendant, a sentence within this suggested range is appropriate.

Accordingly, the Court **FINDS** that the defendant has violated the terms of his supervised release, and the Court will impose a sentence authorized by Title 18 §3583(e)(3). Therefore, it is hereby **ORDERED** that the defendant is sentenced to serve a term of twenty-four (24) months of incarceration with no further term of supervised release. The Court **VERY STRONGLY RECOMMENDS** that the defendant be placed in the 500 hour Bureau of Prisons Intensive Residential Drug Treatment Program and that he also receive mental health treatment. The Court also **RECOMMENDS** that the defendant be designated to the federal facility at Butner, North Carolina or Lexington, Kentucky. The defendant is **REMANDED** to the custody of the United States Marshal.

ENTER:

                                                 <u>s/J. RONNIE GREER</u>
                                         UNITED STATES DISTRICT JUDGE